# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WEBB,<br><br>    Plaintiff,<br><br> v.<br><br>DAVIS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:05-CV-01296-LJO-DLB-P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

I. <u>Screening Order</u>

  A. <u>Screening Requirement</u>

  Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's amended complaint filed after this action was severed from 1:05-cv-1170 REC DLB.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at Pleasant Valley State Prison ("PVSP"). Plaintiff names Associate Warden Trimble, Captain Davis, Classification Official Nergenan, Hearing Officer Pipolan and Sergeant Vera as defendants. Plaintiff is seeking money damages and injunctive relief.

C.  Plaintiff's Claims

Plaintiff generally alleges that officials at PVSP have "neglected their duties" and have "abused their authority." Without description, plaintiff alleges these actions have jeopardized his life and could have resulted in death.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the

1  deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2  Rule 8(a) of the Federal Rules of Civil Procedure calls for a "short and plain statement of the
3  claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of
4  notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim.
5  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of
6  every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the
7  defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

8  Plaintiff's complaint is not in compliance with section 1983 linkage requirements because
9  it does not provide each defendant with fair notice of what that defendant did or did not do that
10 allegedly violated plaintiff's rights. Plaintiff generally describes allegedly wrongful conduct but he
11 fails to link the named defendants to any specific conduct. The court will provide plaintiff with an
12 opportunity to file an amended complaint curing these deficiencies and specially linking the named
13 defendants to his claims. In doing so, plaintiff should set forth enough facts so that each defendant
14 is on notice as to what he or she did or did not do that plaintiff believes violated his rights.

15  D.   Conclusion

16  The court finds that plaintiff's complaint must be dismissed, with leave to amend, for failure
17 to comply with the linkage requirements of section 1983 and for failure to state a claim upon which
18 relief can be granted. The Court will provide plaintiff with the opportunity to file an amended
19 complaint. In drafting his amended complaint, plaintiff is cautioned that it is his responsibility to
20 organize his complaint so that defendants and the court can readily ascertain which claims plaintiff
21 is pursuing against which defendants.

22  Finally, plaintiff is advised Local Rule 15-220 requires that an amended complaint be
23 complete in itself without reference to any prior pleading. As a general rule, an amended complaint
24 supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once
25 plaintiff files an amended complaint, the original pleading no longer serves any function in the case.
26 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
27 of each defendant must be sufficiently alleged.

28  Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a complaint form;
3. Within twenty (20) days from the date of service of this order, plaintiff shall file an amended complaint;
4. The failure to file an amended complaint that complies with this order may result in an order striking the amended complaint from the record; and
5. The failure to file an amended complaint will result in a recommendation that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **March 5, 2008**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE